BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION

| | |
|---|---|
| In re: American Medical Collection Agency Data Breach Litigation | MDL No. |

**MOTION OF PLAINTIFF PAULA WORTHEY FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

In accordance with 28 U.S.C. § 1407, Plaintiff Paula Worthey ("Plaintiff") respectfully moves the Judicial Panel on Multidistrict Litigation for an order transferring and centralizing the Actions listed in the Schedule of Actions (attached hereto) to the United States District Court for the Southern District of New York, before the Honorable Nelson S. Roman. In support of this motion, Plaintiff incorporates by reference the accompanying memorandum of law and aver the following:

1. At the time of filing, this motion involves: *Worthey v. American Medical Collection Agency, Inc. et al.*, Case No. 7:19-cv-05210 (S.D.N.Y.), *Gutierrez v. Am. Medical Collection Agency, Inc., et al.*, Case No. 7:19-cv-05212 (S.D.N.Y.), and *Marler v. Quest Diagnostics, Inc., et al.*, Case No. 8:19-cv-01091 (C.D. Cal.) (collectively, the "Actions").

2. The Actions involve common questions of fact that are sufficiently numerous and complex to warrant centralization. All of the cases are premised on similar factual allegations involving the failure of Defendants American Medical Collection Agency, Inc. ("AMCA"), Optum360 Services, Inc. ("Optum360"), and Quest Diagnostics Incorporated ("Quest") (collectively, "Defendants") to protect the confidential information of millions of patients — including financial information, medical information, personal information, and/or other health information protected by the Health Insurance Portability and Accountability Act of 1996

1

(collectively, "Sensitive Information"). Each of these actions involve the same putative nationwide and California-based class definitions, and bring nearly identical causes of action.[1] In each case, the court will be asked to determine substantially similar factual issues. Each of these actions is a putative class action that seeks to represent persons who had Sensitive Information maintained on the AMCA systems that was compromised in the data breach announced by Quest on June 3, 2019.

3. All of the Actions are in their infancy. No Defendant has answered the Complaint or otherwise appeared in any of the Actions.

4. Discovery in each case will be substantially identical because many allegations, parties, and witnesses will be nearly identical. Discovery as to many issues common to all the plaintiffs can and should be centralized in a single proceeding, to avoid the inefficiencies and duplication of efforts likely to arise with the Actions pending in different districts.

5. Centralization will prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings (particularly on class action issues), conserve judicial resources, reduce the costs of litigation, minimize the inconvenience to the parties and witnesses, and allow the Actions to proceed efficiently to trial. Centralization will also provide a single forum to which future tag-along actions may be transferred to streamline subsequent proceedings and promote judicial economy. Further, centralization will result in development of a consistent law of the case and the fair and economical adjudication of the Actions.

---

[1] Each case includes causes of action for: negligence; breach of implied contract; violation of California's Confidential Medical Information Act, Cal. Civ. Code §§ 56 *et seq.*; violation of the New York General Business Law § 349; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and violation of California's Customer Records Act, Cal. Civ. Code §§ 1798.81 *et seq.* The *Marler* action includes those claims, as well as claims for breach of contract; violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; unjust enrichment; and invasion of privacy claims.

6. For these reasons, transfer and centralization of these actions will promote the convenience of the parties and witnesses and the just and efficient conduct of the Actions pursuant to 28 U.S.C. § 1407.

7. Plaintiff respectfully submits that the Panel should enter an order transferring the Actions, as well as any future tag-along actions, to the Southern District of New York, in White Plains, for centralization of pretrial proceedings before Judge Nelson S. Roman. The Southern District of New York is the superior forum because it has a judiciary that is well-experienced with such multi-district proceedings, and is where AMCA and Quest — apparently the primary defendants — are headquartered. Judge Roman currently presides over no MDL proceedings.

8. WHEREFORE, Plaintiff respectfully requests the Panel to order the transfer and centralization of the Actions listed in the Schedule of Actions and any future tag-along actions to the Southern District of New York, before Judge Nelson S. Roman.

This motion is based on the filed Memorandum in support of this motion, the filed pleadings and papers, and any such matters as may be presented to the Panel at the time of the hearing.

Respectfully submitted,

Dated: June 4, 2019    **AHDOOT & WOLFSON, PC**

/s/ Tina Wolfson
Tina Wolfson
*twolfson@ahdootwolfson.com*
Brad King
*bking@ahdootwolfson.com*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
45 Main Street, Suite 528
Brooklyn, NY 11201
Tel: 917-336-0171
Fax: 917-336-0177

Russell Yankwitt
*russell@yankwitt.com*
Michael H. Reed
*michael@yankwitt.com*
**YANKWITT LLP**
140 Grand Street
Suite 705
White Plains, NY 10601
Tel: 914-686-1500
Fax: 914-487-5000

*Counsel for Plaintiff
and the Putative Classes*